(No. 2054— ▮▮▮▮▮▮▮▮

HAROLD HOULIHAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*
*Rehearing denied November 13, 1934.*

BARR & BARR, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed in this court January 19, 1933. Plaintiff alleges that on the 13th day of January, A. D. 1930 he was employed as a steam-fitter's helper by the State of Illinois, acting by and through the Division of Waterways of the Department of Purchases and Construction, and employed in connection with the construction of the Illinois deep waterway; that on the date in question, i. e., January 13, 1930, while engaged in construction work on said project, he fell into a hole about two feet deep and three feet in diameter, and was seriously injured by striking timbers which projected upward in said hole; that as a result of said injuries he suffered permanent disability, for which damages in the sum of Five Thousand Dollars ($5,000.00) are requested of the State; said employment being alleged to be a hazardous one within the meaning of the Workmen's Compensation Act.

Respondent, by the Attorney General, has filed a motion to dismiss the claim because the injury is alleged to have occurred January 13, 1930, and the claim was not filed until January 19, 1933, and that under Section 24 of the Workmen's Compensation Act a recovery is barred. The claim would be barred by said section and the holdings of this court,

as stated in the case of *Crabtree* vs. *State,* 7. C. C. R. 207, unless the fact that the claimant was employed on the Illinois Waterway exempts him from the limitations set forth in Section 24 of the Workmen's Compensation Act.

Counsel for plaintiff have contended in their briefs in other cases of this character that the claim is filed under Section 25 of the Waterway Act, approved June 17, 1919 (Cahill's Revised Statutes, Chapter 19), and that none of the provisions of the Workmen's Compensation Act apply except those which prescribe the amount of compensation in the respective cases.

The court cannot concur in the further contention of plaintiff that the limitations of Section 24 of the Workmen's Compensation Act do not apply to this claim by reason of the fact that claimant was employed in the construction of the Illinois Waterway system and that by the terms of the later Act (Section 25, Paragraph 115, Chap. 19, Cahill's Illinois Revised Statutes, 1933), the Workmen's Compensation Act shall be referred to by the Court of Claims *only* for the purpose of ascertaining the amount of- the award.

The Illinois Waterway Act was passed, and approved June 17, 1919. Prior to the time of its passage the legislature had already provided for the hearing of all claims by this court against the State of Illinois. By Section 23 of the Waterway Act, the liability of the State for damages to real estate or personal property by reason of the construction, maintenance or operation of the Illinois Waterway and its appurtenances was made specific. By Section 24 all claims for damages to property or persons other than employees of the State were made determinable by the Department of Public Works and Buildings. It was apparently the desire of the legislature to make clear its intention that claims for damages by employees engaged in the waterway project should be left in the forum of this court for determination. It is provided in said Section 25, that

"The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder."

There is nothing contained in the wording of said section or anywhere in the Waterway Act which indicates that the court in exercising such jurisdiction should give to employees of the Illinois Waterway any different consideration in regard to the requirements of notice and filing claim and

other provisions of the Workmen's Compensation Act than those applied to all other employees.

There is no conflict between the Court of Claims Act, the Workmen's Compensation Act and the Waterway Act, and the only question is as to whether there is any wording contained in said Section 25 of the Waterway Act which would indicate that a different rule should be applied by the Court of Claims in passing upon claims for compensation made thereunder than is applied to other claims.

The legislative act by which this court exists, provides that

"The Court of Claims shall hear and determine the liability of the State for accidental injuries or death * * * by *any* employee; further that such determination shall be made in accordance with the rules * * * of the Workmen's Compensation Act."

(Section 6 Court of Claims Act)

There is nothing in Section 25 of the Waterway Act that repeals, adds to or modifies this enactment. It is provided in Section 25 that,

"The amount of such liability shall be ascertained by the Court of Claims by reference to the provisions of * * * the Workmen's Compensation Act."

but one cannot read into that language any intent to repeal or modify the existing law under which the Court of Claims hears compensation cases.

It appears from the record herein that no claim for compensation was made within six months after the accident and that no application for compensation was filed in this court within one year after such accident. Under the provisions of the Waterway Act, this court is to find the amount due the claimant. The court finds that there is no amount due, because of a failure of the injured employee to bring himself within the classification for the allowance of an award, by reason of his failure to comply with the provisions of Section 24 of the Workmen's Compensation Act.

Motion to dismiss claim allowed.

Justice Hollerich, dissenting:

I dissent for the reasons set forth in the case of *Joseph Kump* vs. *State of Illinois,* No. 1881.

C. N. Hollerich, Chief Justice.